

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Fred Norris
County Auditor
Polk County
Livingston, Texas

Dear Sir:

Opinion No. O-1591
Re: Basis for payment of expenses to
a court reporter by non-resident
county of his district.

This will acknowledge receipt of your letter
of September 5, 1939, in which you submit for an opinion
of this department the question of the proper basis for
payment of court reporter's expenses by the non-resident
counties of his district.

You advise that your district is composed of
four counties and that the reporter's expenses are limit-
ed to $400.00 annually by the terms of Article 2326a,
Revised Civil Statutes of Texas, 1925.

The pertinent parts of Article 2326a, supra,
are:

"All official shorthand reporters and
deputy official shorthand reporters of the
District Courts of the State of Texas com-
posed of more than one county, when engaged
in the discharge of their official duties in
any county in this State other than the county
of their residence shall, in addition to the
compensation now provided by law for their
services, be allowed their actual and necess-
ary expenses while actually engaged in the
discharge of such duties, not to exceed the
sum of Four Dollars per day for hotel bills,
and not to exceed four cents a mile when
traveling by railroad or bus lines, and not
to exceed ten cents a mile when traveling by
private conveyance in going to and returning
from the place where such duties are discharged,

traveling the nearest practical route. Such expenses shall be paid after the completion of each term of Court by the respective counties of the Judicial District for which they are incurred, each county paying the expenses incidental to its own Regular or Special Term of Court, and said expenses shall be paid to the official or deputy official shorthand reporter by the Commissioners' Court of the county, out of the general fund of the county, upon the sworn statement of the reporter, approved by the Judge.

"Provided.....in districts containing four counties only, the expenses herein allowed shall never exceed Four Hundred Dollars per annum;...."

You advise that the non-resident counties of such district are Polk, San Jacinto and Waller and that the proportion of time spent in each of these counties as the same bears to the whole is thirty-one, twenty-three and forty-six per cent, respectively. Your inquiry resolved itself into the question of whether or not such maximum expenses of Four Hundred Dollars should be paid by each of said counties upon a percentage basis.

Referring to the pertinent parts of Article 2326a, supra, it will be noted that the reporter, or deputy as the case may be, is allowed certain expenses while away from his home county and provides that such expense shall be paid by the county in which he serves upon the completion of the particular term. He is required to prepare a sworn statement of his "actual and necessary expenses" to be approved by the judge and thereafter, to be paid by the county out of the general fund. There appears no requirement or authority for either the reporter or the county to reduce his expense account to the percentage that such time spent in a particular county bears to the total term time of the three counties.

It is therefore, the opinion of this department and you are so advised that your court reporter must submit an expense account of his "actual and necessary

expenses" to each non-resident county in which he serves and receive pay therefor until he has received his maximum of Four Hundred Dollars without regard to a percentage basis. After he has received his maximum he must then serve without reimbursement for his expenses.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong

Lloyd Armstrong
Assistant

LA:AW

APPROVED SEP 27, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN